UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| In re: | |
| | Chapter 13 |
| TIFFANY MONIQUEL DEAVER, | |
| | Case No.: 26-03670-5-JNC |
| Debtor. | |
| | Judge: Joseph N. Callaway |

**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

Exeter Finance LLC ("Movant"), a secured creditor herein, by and through its undersigned attorneys, files this Objection to Confirmation of Debtor's Chapter 13 Plan and states as follows:

1. On August 13, 2026, Tiffany Moniquel Deaver (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Petition Date").

2. This court has jurisdiction of the parties and the subject matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 1328. This court has authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina.

3. On September 9, 2025, the Debtor executed and delivered that certain Retail Installment Sale Contract - Simple Finance Charge (the "Contract") with JCF Holdings LLC, 403 Hwy 58 North, Trenton, North Carolina 28585, as seller-creditor, in connection with the purchase and financing of a 2022 Ford Explorer bearing Vehicle Identification Number 1FMSK7DH0NGA68692 (the "Vehicle"). The Contract identifies Tiffany Deaver as the sole Buyer and contains no co-buyer. The Contract provides for 75 monthly payments of $684.82 at an annual percentage rate of 20.00%. The Contract was executed 338 days before the Petition Date, within 910 days of the Petition Date.

4. Exeter Finance LLC is the holder of the purchase-money security interest evidenced by the Contract. The Vehicle is titled in North Carolina, and the Certificate of Title identifies Exeter Finance LLC as first lienholder with a lien date of October 20, 2025.

5. On August 13, 2026, the Debtor filed a Chapter 13 Plan (D.E. 8) (the “Plan”). The Plan has not been confirmed.

6. Exeter’s claim is $30,622.20 as of the Petition Date (the “Exeter Claim”). The current net payoff is $29,448.70. On information and belief, the Vehicle is not covered by insurance.

7. The Plan classifies the Exeter Claim in § 3.4 as a 910 Claim but lists the claim amount as only $30,000 and proposes to pay interest at 1% per annum. Exeter objects to this treatment because the Plan understates the Exeter Claim and proposes an interest rate that does not provide the present value required by 11 U.S.C. § 1325(a)(5)(B).

8. The Plan’s own § 3.4 provides that, unless otherwise ordered, the amount of a creditor’s allowed claim stated in a proof of claim timely filed under the Bankruptcy Rules of Procedure, including Bankruptcy Rule 3002(c), controls over any contrary amount listed in the Plan. Exeter intends to file a proof of claim reflecting the $30,622.20 Exeter Claim.

9. Although the Contract provides for 20.00% APR, the Plan proposes to pay the Exeter Claim at only 1% per annum. Under *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), the proposed 1% rate is inadequate to provide Exeter with the present value of its allowed claim. Exeter seeks interest at 9% to 11%.

10. Because the Contract was executed within 910 days before the Petition Date and the Vehicle was acquired for the Debtor’s personal use, the Exeter Claim is a 910 Claim. The claim is not subject to bifurcation under 11 U.S.C. § 506(a) by the hanging paragraph following §

1325(a)(9) and must be treated as a fully secured claim paid in full under 11 U.S.C. § 1325(a)(5)(B).

11. The Plan fails to provide Exeter with deferred cash payments having a present value, as of the effective date of the Plan, of not less than the allowed amount of the Exeter Claim, as required by 11 U.S.C. § 1325(a)(5)(B)(ii). The Plan must also provide that Exeter retains its lien on the Vehicle until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge of the Debtor under 11 U.S.C. § 1328.

12. The Plan does not expressly provide adequate protection payments to Exeter pending confirmation. To the extent required by E.D.N.C. LBR 3070-1(c), Exeter requests that the Plan provide for adequate protection payments pending confirmation.

13. The Plan understates the Exeter Claim and proposes interest that does not provide the present value required by 11 U.S.C. § 1325(a)(5)(B). Accordingly, the Plan does not satisfy 11 U.S.C. §§ 1325(a)(1) and 1325(a)(5)(B).

14. Exeter requests that the Debtor amend the Plan and that this court deny confirmation unless the amended Plan: (a) provides for Exeter's full claim of $30,622.20 as a 910 Claim; (b) provides interest at a rate sufficient to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii), including Exeter's requested rate of 9% to 11%; (c) treats the Exeter Claim as fully secured and paid in full under § 1325(a)(5)(B), with retention of Exeter's lien until payment of the underlying debt or discharge; and (d) provides any adequate protection payments required by E.D.N.C. LBR 3070-1(c).

WHEREFORE, Movant requests that this court deny confirmation of the Plan unless it is amended as set forth above, and for such further relief as this court deems appropriate.

Dated: September 22, 2026

WOMBLE BOND DICKINSON (US) LLP

By: /s/ Eudora F. S. Arthur
EUDORA F. S. ARTHUR

N.C. State Bar. No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com
*Attorneys for Exeter Finance LLC.*

**CERTIFICATE OF SERVICE**

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

I certify that on this day I served a copy of the foregoing Objection to Confirmation upon

Tiffany Moniquel Deaver
PO Box 1376
Richlands, North Carolina 28574

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Objection to Confirmation was served by electronic means through the court's CM/ECF service on:

Troy Staley
*Chapter 13 Trustee*

Brian C. Behr
*Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 22, 2026

WOMBLE BOND DICKINSON (US) LLP

By: /s/ Eudora F. S. Arthur
EUDORA F. S. ARTHUR
N.C. State Bar No. 59854
555 Fayetteville St., Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for Exeter Finance LLC.*